**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOSE A. CASTILLO ALEMAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 21-2970 |
| | § | |
| WATERMARK RESTORATION, INC. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **JOSE A. CASTILLO ALEMAN** (hereinafter referred to as Plaintiff), and files this Second Amended Complaint complaining of **WATERMARK RESTORATION, INC. a/k/a DONAHOO RESTORATION, INC. (**hereinafter referred to as Defendant "**WATERMARK**"), **WATERMARK RESTORATION, LTD**. (hereinafter referred to as Defendant "**WATERMARK, LTD**"), **BSG PAINTING, LLC** (hereinafter referred to as "**BSG**") and **BLG PAINTING, LLC** (hereinafter referred to as "**BLG**") collectively referred to as Defendants, and for such cause of action, would respectfully show unto the court as follows:

**I.   PARTIES**

**PLAINTIFF**

1.1   Plaintiff, **JOSE A. CASTILLO ALEMAN,** is a resident of Harris County, Texas.

**DEFENDANTS**

1.2.   Defendant, **WATERMARK RESTORATION, INC.** a/k/a **DONAHOO RESTORATION, INC.** (hereinafter "**WATERMARK**") is an Alabama incorporated business with its principal place of business in Birmingham, Alabama that is authorized to and licensed to conduct business in Harris County, Texas. Defendant has answered and appeared herein.  No additional service is necessary at this time.

1.3     Defendant, **WATERMARK RESTORATION, LTD**, (hereinafter "**WATERMARK LTD**") is a domestic limited partnership with its principal place of business in Houston, Harris County, Texas authorized to and doing business in Harris County, Texas. Defendant has answered and appeared herein. No additional service is necessary at this time.

1.4     Defendant, **BSG PAINTING, LLC**, is a Florida limited liability company that engages in business in the State of Texas. Defendant has been served but has not filed an answer as of this date.

1.5     Defendant, **BLG PAINTING, LLC**, is a Florida limited liability company that engages in business in the State of Texas and may be served with process by serving its registered agent:

> Lizbeth Falcon
> 1768 Fawn Creek Cove
> Orlando, Florida 32824

## II.     VENUE AND JURISDICTION

2.1     Jurisdiction is founded on diversity of citizenship under 28 U.S.C. § 1332.

2.2     The matter in controversy exceeds $75,000.00, exclusive of interest and cost.

2.3     A substantial part of the events or omissions forming the basis of this complaint occurred in Harris County, Texas, which is located within the boundaries and jurisdiction of the United States District Court for the Southern District of Texas.

## III.     ALTER-EGO/MISNOMER

3.1     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, the Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## IV. GENERAL ALLEGATIONS OF FACTS

4.1     On or about May 4, 2020, Plaintiff, **JOSE A. CASTILLO ALEMAN** was working on a balcony on the 3rd floor at an apartment complex located at 168 Webster St., Houston, Harris County, Texas, when he suddenly and without warning violently fell to the ground and sustained serious and permanent bodily injuries.

4.2     Due to the horrific incident which makes the basis of this lawsuit, the Plaintiff was forced to endure fractures at the T4 and T5 and underwent a T1-8 PSIF, T4-5 decompressive laminectomy (date of surgery 5/8/2020).

4.3     Defendant **WATERMARK RESTORATION, INC. and WATERMARK RESTORATION, LTD**, the general contractor, served as the onsite construction, renovation and restoration contractor on site. As a result, Defendant asserted contractual and/or actual control at the job site including, the specific work being performed and safety at the job site.  Plaintiff was conducting work for the benefit of Defendant.  Due to the negligence of the Defendant, Plaintiff, **JOSE A. CASTILLO ALEMAN**, fell from the third floor while working under the operational direction and control of Defendant. Defendant was in control of the site and had contractual and actual control of the site, safety and job.

4.4     Plaintiff, **JOSE A. CASTILLO ALEMAN**, was working with Defendant **BSG PAINTING, LLC and/or BLG PAINTING, LLC** at the time of the incident which makes the basis of this lawsuit. Defendant **BSG and/or BLG** additionally asserted contractual and/or actual control at the job site including, the specific work being performed and safety at the job site. Plaintiff was conducting work for the benefit of Defendant.  Due to the negligence of the Defendant, Plaintiff, **JOSE A. CASTILLO ALEMAN**, fell from the third floor while working under the operational direction and control of Defendant. Defendant was in control of the site and had contractual and actual control of the site, safety and job.

4.5     Plaintiff, **JOSE A. CASTILLO ALEMAN**, suffered serious and permanent bodily injuries and damages to his body in general.

## V.  CAUSES OF ACTION AGAINST DEFENDANTS

## COUNT 1:  NEGLIGENCE

5.1     Defendants, **WATERMARK, WATERMARK, LTD.**, and **BSG** and/or **BLG** owed a duty to **JOSE A. CASTILLO ALEMAN,** both by contractual control and actual control to ensure, maintain, and control a safe work place and to properly supervise and to identify and correct hazards to include fall protection for the benefit of **JOSE A. CASTILLO ALEMAN**.

5.2     Defendants exercised and/or retained contractual and actual control over the manner in which the work was performed and the fall protection.

5.3     Defendant negligently failed to ensure, maintain, and control a safe work place, to include the fall protection associated with the scope of work and overall safety of the project and to properly supervise and inspect the individuals, equipment, materials, and construction procedures of sheathing and decking and to adequately make modifications and repairs to the unreasonably dangerous condition that eventually injured **JOSE A. CASTILLO ALEMAN**. Defendant negligently failed to ensure, maintain, and control a safe work place and to properly supervise, identify and correct hazards that could expose workers to falls, to include noncompliance with their own safety rules. As a result, **JOSE A. CASTILLO ALEMAN** suffered traumatic bodily injuries, and for which Plaintiff has now suffered severe damages as specified herein for which Plaintiff now sues.

5.4     Defendant had a duty to use reasonable care to keep the premises and work area under their control in a safe condition.

5.5     Defendant exercised and/or retained actual and contractual control over the manner in which the work was preformed and had knowledge of the risks, dangers and hazards associated

with the dangers, hazards and risks of conditions exposing workers to falls while working on exterior walls.

5.6     Defendant failed in their duty to use ordinary care in retaining its employees, and the Defendants failed in their duty to use ordinary care in training their employees and ensuring the fall protection was in compliance with OSHA standards to include and identification of hazards and a correction of those hazards exposing workers to falls. Defendants negligently failed to supervise, retain, train their employees, follow its safety protocols, and as a direct and proximate result, **JOSE A. CASTILLO ALEMAN** fell, for which Plaintiff now sues.

5.7     Additionally, the fall in question and resulting injuries of **JOSE A. CASTILLO ALEMAN** were caused by the negligence of one or more agents, servants, or employees of Defendants in one or more of the following particulars:

- a.) In failing to properly design, inspect, erect and/or install the fall protection over which it had authority and control to take corrective action;
- b.) In failing to provide adequate supervision and direction regarding the fall protection;
- c.) In failing to give adequate warning regarding hidden dangers;
- d.) In failing to require and/or to ensure that a "competent person" and "qualified person" design, inspect, erect and/or install the fall protection;
- e.) In failing to provide adequate training and/or instructions regarding the installation and/or erection of the fall protection;
- f.) In failing to inspect the equipment of the fall protection when contractually and actually obligated to do so for the benefit of all workers on the job site; and
- g.) In failing to inspect he work site and premises.

5.8     Plaintiff alleges that each and every one of the aforesaid careless and negligent acts and/or omissions on the part of these Defendant constitute negligence, to include res ipsa loquitur, as Defendants herein had sole control of the safety on the jobsite, the specifics of the work to be

performed and asserted control of safety with the authority to inspect, identify and control safety hazards to include fall protection to eliminate, reduce or control exposure to falls, which was the proximate cause and producing cause of the bodily injuries sustained by Plaintiff, **JOSE A. CASTILLO ALEMAN**.

### COUNT II:   NEGLIGENT UNDERTAKING

5.9   Defendant by and through their principals, vice-principals, superintendents, employees, agents and assigns**,** undertook to perform progress reports and safety inspections of the construction site in question that they knew or should have known were necessary for Plaintiff's protection. Defendant failed to use reasonable care in performing those services to include safety inspections. Plaintiff relied upon Defendant's performance and Defendant's performance increased the risk of harm to Plaintiff.

### VI.   DAMAGES

6.1   Plaintiff, **JOSE A. CASTILLO ALEMAN,** is entitled to the following legal damages as a result of the conduct of the Defendants:

(a)   Medical, hospital, pharmaceutical expenses in the past;

(b)   Medical, hospital, pharmaceutical expenses that, in reasonable probability, he will incur in the future;

(c)   Loss of earnings capacity in the past;

(d)   Loss of earning capacity that, in reasonable probability, he will sustain in the future;

(e)   Physical pain and suffering in the past;

(f)   Physical pain and suffering that, in reasonable probability, he will suffer in the future;

(g)   Mental anguish in the past;

(h)   Mental anguish that, in reasonable probability, he will suffer in the future;

(i)   Disfigurement in the past;

 (j) Disfigurement that, in reasonable probability, he will suffer in the future;

 (k) Physical impairment in the past;

 (l) Physical impairment that, in reasonable probability, he will suffer in the future;

 (m) Loss of enjoyment of life in the past; and

 (n) Loss of enjoyment of life that, in reasonable probability, he will suffer in the future.

6.2 The above enumerated damages were proximately caused by the negligence of the Defendant and/or their servants, agents and/or employees acting within the course and scope of their employment and/or agency. Plaintiff, **JOSE A. CASTILLO ALEMAN**, therefore, pleads for an amount of actual damages which the jury deems reasonable, which is in excess of the minimal jurisdictional limits of this court.

## VII. JURY DEMAND

7.1 Plaintiff respectfully requests a trial by jury.

## VIII. PREJUDGMENT & POSTJUDGMENT INTEREST

8.1 Plaintiff is entitled to recovery of pre-judgment and post-judgment interest.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon a final trial by jury, that a Judgment be rendered for Plaintiff and against the Defendants for actual damages in an amount the jury deems reasonable, which is in excess of the minimum jurisdictional limits of the Court, along with costs of court, and both past and pre-judgment interest as allowed by law, and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HERRERA LAW FIRM, INC.**
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone:   (210) 224-1054
Facsimile:    (210) 228-0887

BY:        /s/ - JORGE A. HERRERA
JORGE A. HERRERA
State Bar No. 24044242
Email: jherrera@herreralaw.com
JAVIER L. HERRERA
State Bar No. 24075498
E-mail: javier@herreralaw.com
**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of May, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kelly C. Hartmann
Kirsten D. Morris
Galloway, Johnson, Tompkins, Burr & Smith
1301 McKinney, Suite 1400
Houston, Texas 77010

/S/ JORGE A. HERRERA
JORGE A. HERRERA