IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE A. CASTILLO ALEMAN | § | |
| | § | |
| V. | § | CIVIL ACTION NO.: 4:21−cv−02970 |
| | § | |
| WATERMARK RESTORATION, INC. | § | |
| a/k/a DONAHOO RESTORATION | § | |

**DEFENDANT WATERMARK RESTORATION, INC.'S ORIGINAL
CROSS-CLAIMS AGAINST DEFENDANT BSG PAINTING, LLC
AND ROCKINGHAM CASUALTY COMPANY**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant/Cross-Plaintiff WATERMARK RESTORATION A/K/A/ DONAHOO RESTORATION, INC. (hereinafter, "Watermark" and/or "Cross-Plaintiff") files its cross-claims against Defendant BSG Painting, LLC and Rockingham Casualty Company, (collectively referred to as "Cross-Defendants"), and in support thereof would respectfully show unto the Court the following:

**I.   PARTIES**

1. Cross-Plaintiff is an Alabama incorporated business, with its principal place of business in Birmingham, Alabama, and duly authorized to conduct business in the State of Texas. Cross-Plaintiff has answered and appeared herein.

2. Cross-Defendant BSG Painting, LLC ("BSG") is a named Defendant in this lawsuit that has not answered or appeared herein.

3. Cross-Defendant Rockingham Casualty Company ("Rockingham") is an insurance company, with its principal place of business in Harrisonburg, Virginia, and duly authorized to conduct business in the State of Texas.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over Cross-Plaintiff's Original Cross-Claims pursuant to 28 U.S.C. § 1332. The damages sought in this case are within the jurisdictional limits of this Court.

5. Venue of this action properly lies in the Southern District of Texas, Houston Division on the basis of diversity.

## III.     BACKGROUND FACTS

6. Cross-Plaintiff incorporates by reference the background facts in Plaintiff's Second Amended Complaint, as if fully set forth herein.

7. This lawsuit arises from an incident that occurred on or about May 4, 2020, at an apartment complex located at 168 Webster St., Houston, Texas (the "Property"). Plaintiff, Jose A. Castillo Aleman ("Plaintiff") contends that he was working on a balcony on the third floor at the Property, when he fell from a ladder and subsequently sustained bodily injuries.

8. At the time of the incident, Watermark was the general contractor on the project at the Property.

9. On or about June 20, 2019, Watermark entered into a valid and enforceable Master Agreement ("Subcontractor Agreement") with BSG, for BSG to act as a subcontractor on the project at the Property.

10. Plaintiff was working as an employee of BSG at the time of the incident.

11. Pursuant to the Subcontractor Agreement, BSG agreed to provide additional insured coverage, indemnify, hold harmless, and defend Watermark "from any and all actions, causes of actions, expenses, losses, suits, debts, contracts, judgments, damages, claims and demands in law or equity, including but not limited to fees, expenses, costs, attorney fees or

consultant fees, that relate to, or arises out of, and/or incident whether directly or indirectly to Subcontractor's work or performance for Watermark Restoration."

12. On or about October 28, 2020, Nautilus Insurance Company ("Nautilus"), the commercial general liability carrier for Watermark sent a tender letter to Rockingham, BSG's carrier, requesting that it provide additional insured coverage to Watermark, as agreed in the Subcontractor Agreement.

13. On or about March 11, 2021, Certus Claims Administration, LLC ("Certus"), a third-party claims administrator that handles claims on behalf of Rockingham, sent a letter in response to Watermark's tender letter, denying defense and indemnification to Watermark in this matter.

14. Plaintiff filed a lawsuit against Watermark, alleging negligence on the part of Watermark, the general contractor at the project, arising from the incident.

15. Although it denies the allegations in Plaintiff's Second Amended Complaint, Watermark was forced to retain the undersigned counsel to represent it in connection with the Complaint and is obligated to pay reasonable attorneys' fees and costs for the services rendered.

16. All conditions precedent to this action have occurred or have been satisfied or waived.

### IV. CROSS-CLAIMS

#### A. BREACH OF CONTRACT

17. Cross-Plaintiff incorporate the preceding paragraphs herein by reference.

18. Watermark entered into valid and enforceable Subcontract Agreement with BSG, in which BSG agreed to and is obligated to provide additional insured coverage, defend, indemnify

and hold Watermark harmless from the claims alleged in the Plaintiff's Second Amended Complaint, which arise from BSG and its employee's negligence.

19. BSG and Rockingham have failed to provide additional insured coverage, defend, indemnify and hold Watermark harmless from the claims alleged in the Plaintiff's Complaint, which constitutes a material breach of the terms of the Subcontract Agreement.

20. Due to BSG and Rockingham's breaches, Watermark has suffered and will continue to suffer damages and seeks indemnification for the same pursuant to the Subcontract Agreement.

21. Additionally, due to BSG and Rockingham's breaches, Watermark was forced to hire counsel to represent it in this lawsuit. As such, Watermark has incurred, and will continue to incur, substantial attorneys' fees. Watermark seeks reimbursement for its reasonable attorneys' fees as allowed by Tex. Civ. Prac. & Rem. Code, Section 38.001.

22. Watermark has fully performed all of the conditions, covenants, and promises under each the Subcontractor Agreement, as well as all conditions precedent for initiation of this claim.

### B. **CONTRIBUTION**

23. Cross-Plaintiff incorporate the preceding paragraphs herein by reference.

24. Watermark denies it is liable to the Plaintiff for any of the damages he alleged. However, in the event Watermark is found liable to the Plaintiff, Watermark would show the damages, if any, are attributable to BSG as it owed Plaintiff a duty to not subject Plaintiff to an unreasonable risk of injury while working at the Property.

25. As an employee of BSG, Plaintiff was under BSG's supervision while working at the Property, and BSG's negligent acts and/or omissions, proximately caused the incident and Plaintiff's purported injuries.

## V. ATTORNEYS' FEES

26. Cross-Plaintiff is entitled to recover reasonable attorneys' fees under Rule 54 of the Federal Rules of Civil Procedure, for which Cross-Defendants are liable.

## VI. PRAYER

27. Defendant/Cross-Plaintiff Watermark Restoration A/K/A/ Donahoo Restoration, Inc. hereby requests that Cross-Defendants BSG Painting, LLC and Rockingham Casualty Company take nothing by virtue of their claims; that Defendant/Cross-Plaintiff recovers on its Cross-Claims; and requests that it have such other relief, both general and special, at law and in equity, to which Defendant/Cross-Plaintiff may show itself to be justly entitled.

Respectfully submitted,

*/s/ Kelly C. Hartmann*
Kelly C. Hartmann
  Federal ID No. 777411
  State Bar No. 24055631
  khartmann@gallowaylawfirm.com
Kirsten D. Morris
  Federal ID No. 3633058
  State Bar No. 24103885
  knix@gallowaylawfirm.com

OF COUNSEL:
GALLOWAY, JOHNSON, TOMPKINS,
BURR & SMITH
1301 McKinney, Suite 1400
Houston, Texas 77010
Phone: (713) 599-0700
Fax: (713) 599-0777
**ATTORNEYS FOR DEFENDANT**
**WATERMARK RESTORATION, INC.**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 27th day of September, 2022.

                                              */s/ Kirsten M. Nix*
                                              Kelly C. Hartmann
                                              Kirsten M. Nix