UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSE A. CASTILLO § | |
|   *Plaintiff* § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-02970 |
| § | |
| WATERMARK RESTORATION, INC. § | |
| a/k/a DONOHOO RESTORATION § | |
|   *Defendant* § | |

**CROSS-DEFENDANT, ROCKINGHAM INSURANCE**
**COMPANY'S ORIGINAL ANSWER**

Cross-Defendant, ROCKINGHAM INSURANCE COMPANY, ("Rockingham") files its Answer to Defendant/Cross-Plaintiff WESTMARK RESTORATION A/K/A DONAHOO RESETORATION, INC. First Amended Cross-Claims pursuant to Federal Rules of Civil Procedure 8(b) and 81(c), as follows:

**I. Rule 8(b) Answer**

1.  Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1.

2.  Rockingham admits the allegations in paragraph 2.

3.  Rockingham admits the allegations in paragraph 3.

4.  Rockingham admits the allegations in paragraph 4.

5.  Rockingham admits the allegations in paragraph 5.

6.  Paragraph 6 is an incorporation the "background facts in Plaintiff's Second Amended Complaint." It is not clear the extent Watermark is alleging the truth of each of Plaintiff's

"background facts" or which facts Watermark is incorporating by reference. Therefore, Rockingham is unable to admit or deny paragraph 6.

7. Rockingham admits that Plaintiff has made the contentions set forth in paragraph 7, but is otherwise unable to admit or deny the truth of such contentions.

8. Rockingham admits the allegations in paragraph 8.

9. Rockingham admits the allegations in paragraph 9.

10. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. Rockingham admits that the subcontract agreement provided to it contains the agreements alleged in paragraph 11, but Rockingham lacks knowledge or information sufficient to form a belief as to the authenticity or validity of the subcontract agreement.

12. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13. Rockingham admits the allegations in paragraph 13.

14. Rockingham admits the allegations in paragraph 14.

15. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Rockingham denies the allegations in paragraph 16.

17. Paragraph 17 is an incorporation of prior paragraphs and there are no allegations to admit or deny.

18. Rockingham denies the allegations in paragraph 18.

19. Rockingham admits that it denied Watermark's additional insured claim, but otherwise denies the allegations in paragraph 19.

20. Rockingham denies the allegations in paragraph 20.

21. Rockingham denies the allegations in paragraph 21.

22. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

Paragraph 17 is an incorporation of prior paragraphs and there are no allegations to admit or deny.

23. Paragraph 17 is an incorporation of prior paragraphs and there are no allegations to admit or deny.

24. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25. Rockingham lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. Rockingham denies the allegations in paragraph 26.

27. Paragraph 27 is a prayer for relief, and there are no allegations to admit or deny.

## II. Rule 8(c) Answer

28. Rockingham asserts that the claims made by Plaintiff against Watermark and BSG Painting, LLC are expressly excluded from coverage by its policy's Amended Employer's/Contractor's Liability Endorsement, Form No. AG 19 42 05 18, which provides in pertinent part as follows:

> **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> paragraph **2. Exclusions** subsection **e.** is deleted in its entirety and replaced by the following:
>
> [This insurance does not apply to:]
>
>     **e.**     **Employer's Liability/Contractors Liability**
>              "Bodily injury" to:

(1) An "employee" of the insured arising out of and in the course of:
    (a) Employment by the insured; or
    (b) Conducting business, performing operations, services and/or duties related to the conduct of the insured's business.

(2) A "landowner" of any site where an insured is performing work, conducting business, performing operations and/or services, where the "landowner" is, or is alleged to have been, injured due to the work, operations, business and/or services being performed by, on behalf of or in conjunction with the insured or by any work, operations, business, services and/or duties performed by any person or entity related to the conduct of the insured's business.

(3) A "contractor" or "subcontractor" on any site where an insured is performing work, conducting business, performing operations, services and/or duties related to the conduct of the insured's business.

(4) A "business invitee" who is or was present on any site where an insured is performing work, conducting business, performing operations, services and/or duties related to the conduct of the insured's business, where the "business invitee" is, or is alleged to have been, injured due to the work, operations, business, services, duties being performed by, on behalf of or in conjunction with the insured or by any work, operations, business, services or duties performed related to the conduct of the insured's business by any person or entity.

(5) An "invitee" of any insured, "employee", "landowner," "contractor," "subcontractor" and/or "business invitee" who is or was present on any site where an insured is performing work, conducting business, performing operations, services and/or duties related to the conduct of the insured's business, where the "invitee" is, or is alleged to have been, injured due to the work, operations, business, services, duties being performed by, on behalf of or in conjunction with the insured or by any work, operations, business, services or duties performed

      related to the conduct of the insured's business by any person or entity.

  (6) The "spouse", child, parent, brother or sister of any entity, person or persons listed in subsections (1) through (5) of this Section, e., who is or was present on any site where an insured is performing work, conducting business, performing operations, services and/or duties related to the conduct of the insured's business, where the "spouse", child, parent, brother or sister is, or is alleged to have been, injured due to the work, operations, business, services, duties being performed by, on behalf of or in conjunction with the insured or by any work, operations, business, services or duties performed related to the conduct of the insured's business by any person or entity.

  (7) An "employee" of any entity, person or persons listed in Subsections (1) through (5) of this Section, e., who is or was present on any site where an insured is performing work, conducting business, performing operations, services and/or duties related to the conduct of the insured's business, where the employee is, or is alleged to have been, injured due to the work, operations, business, services, duties being performed by, on behalf of or in conjunction with the insured or by any work, operations, business, services or duties performed related to the conduct of the insured's business by any person or entity.

  This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

29. Rockingham reserves its right to amend or supplement this Answer and its defenses as permitted by law.

  WHEREFORE, Cross-Defendant, ROCKINGHAM INSURANCE COMPANY respectfully requests that the relief sought in Defendant/Cross-Plaintiff Watermark Restoration LLC's Third-Party Claim be denied, it take nothing, and Cross-Defendant, ROCKINGHAM

INSURANCE COMPANY goes hence without delay, with costs and all such other and further relief to which it may show itself justly entitled to receive.

Respectfully submitted,

By: /s/ *Tracy Jackson Cowart*
      Tracy Jackson Cowart
      State Bar No. 00789398
      tjc@egglestonbriscoe.com

**EGGLESTON & BRISCOE, LLP**
333 Clay Street, Suite 4800
Houston, Texas 77002
(713) 659-5100 – Telephone
(713) 951-9920 – Facsimile

**ATTORNEYS FOR CROSS-DEFENDANT, ROCKINGHAM INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Answer was served on the following counsel pursuant to the Federal Rules of Civil Procedure by electronic service on the 7th day of November 2022, as follows:

Kelly C. Hartmann
khartmann@gallowaylawfirm.com
Kirsten D. Morris
knix@gallowaylawfirm.com

Jorge A. Herrera
The Herrera Law Firm
1800 W. Commerce Street
San Antonio, Texas 78207

/s/ *Tracy Jackson Cowart*
Tracy Jackson Cowart

6